UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PEDRO NAVARRO,<br><br>            Plaintiff,<br><br>    v.<br><br>A. WESTPHAL, VICTORIA TAPIA, JACKIE FLUAITH, MIKE MCCOURTIE, LT. ROBERT LONG, JEFFERY UTTECH, ROY GONZALEZ, SCOTT FRANKS, EARL X. WRIGHT and BERNARD WARNER,<br><br>            Defendants. | NO:  4:16-cv-05094-MKD<br><br>REPORT AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT |

BEFORE THE COURT on Report and Recommendation is Plaintiff's First Amended Complaint, ECF No. 10.  Plaintiff, a prisoner at the Coyote Ridge Corrections Center, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.  Plaintiff seeks unspecified declaratory and injunctive relief as well as monetary damages.

REPORT AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT --1

After liberally construing the allegations in the light most favorable to Plaintiff, the undersigned judicial officer recommends dismissal of the First Amended Complaint for failure to state a claim upon which relief may be granted.

## PLAINTIFF'S ALLEGATIONS

Plaintiff contends that pursuant to a DOC policy promulgated by Defendant Warner (i.e., DOC policy 450.100 regarding indigent mail for offenders), Defendants A. Westphal and Victoria Tapia prevented Plaintiff from mailing six letters to attorneys and a legal aid organization on September 18, 2014, one letter to an attorney on October 26, 2014, two letters to attorneys on November 25, 2014, and one letter to his criminal appeal attorney on February 2, 2015. Plaintiff challenges the policy and the failure of various Defendants to stop its enforcement against him. Plaintiff asserts this "prevented [him] from relaying vital information to [his] criminal appeal attorney that could of got [his] conviction reversed."

A state may adopt reasonable postage stamp regulations. *See King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) (citations omitted), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). A prisoner asserting an access to court claim must show that a restriction, here a limitation on indigent postage, caused him "actual injury," *i.e.,* "that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996).

REPORT AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT --2

To support an access to court claim, the allegation of actual injury must be specific, that is, Plaintiff must set out the claim that was "frustrated or impeded." *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002).  Plaintiff must describe the claim "well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416.

Here, Plaintiff has presented only conclusory assertions that he was prevented from communicating unspecified "vital information" on three separate occasions to his attorney, which he speculates might have caused his conviction to be reversed.  He does not share with the court what this "vital information" is or how he was prevented from communicating this "vital information" to the state courts in supplemental materials.

Plaintiff does not state the time frame of his criminal appeal or how the dates of September 18, and November 26, 2014, and February 2, 2105, were crucial to that appeal.  Plaintiff does not allege that he was unable to contact his appellate counsel by phone during that time period, or to mail information on a later date.  As presented, Plaintiff's allegations are insufficient to state an access to court claim upon which relief may be granted.

### ***HECK V. HUMPHREY***

Even if Plaintiff could present information showing his conviction would have been reversed but for the application of the indigent mail policy to his three

REPORT AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT --3

1  letters to appellate counsel, this would place his section 1983 claim in a different
2  category of cases.  A prisoner claiming that he was injured because the denial of
3  access to courts kept him from getting his conviction overturned is precluded from
4  attacking the conviction through a § 1983 action, unless that conviction has already
5  been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Plaintiff
6  makes no assertion that his conviction has been invalidated.  Therefore, he may not
7  attack his underlying conviction in this section 1983 action.

8        Accordingly, **IT IS RECOMMENDED** the First Amended Complaint, ECF
9  No. 10, be **DISMISSED without prejudice** for failure to state a claim upon which
10 relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).  In light of
11 the recent Ninth Circuit decision in *Washington v. L.A. Cty. Sheriff's Dep't,* 833
12 F.3d 1048, 1055-56 (9th Cir. 2016), the Court will not recommend that such
13 dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g).

14         **OBJECTIONS**

15     Any party may object to a magistrate judge's proposed findings,
16 recommendations or report within fourteen (14) days following service with a copy
17 thereof.  Such party shall file written objections with the Clerk of the Court and
18 serve objections on all parties, specifically identifying the portions to which
19 objection is being made, and the basis therefor.  Any response to the objection
20 shall be filed within fourteen (14) days after receipt of the objection.  Attention is

directed to Fed. R. Civ. P. 6(e), which adds additional time after certain kinds of service.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

**IT IS SO RECOMMENDED**. The Clerk of Court is directed to enter this Report and Recommendation and forward a copy to Petitioner.

DATED November 1, 2016.

> s/ *Mary K. Dimke*
> Mary K. Dimke
> United States Magistrate Judge

REPORT AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT --5